Caldwell, J.
The first and most important question that arises in this record is, whether Sarah Gaily was a competent witness to prove the facts testified to by her. This question comes before this court for the first time.
In examining the different decisions that have been made in this country and England on this subject, we have found it difficult to establish any general principle on which they can be-harmonized. The current of authorities goes to establish the principle, that facts that have come to the knowledge of the wife through the confidence of the marital relation, cannot be proved by her, even after the marriage has been dissolved by divorce, in any case where her husband is interested.
In the case of Ratcliff v. Wales, (1 Hill’s Rep. 64,) the court lay down the rule, that even after the marriage is at an end, the wife will not be permitted to testify against the husband in any matter which happened during the continuance of the marriage, and which might affect the husband either in his pecuniary interest or character. Although the court in that *530 ■case permitted the wife, after divorce, to testify in favor .of her former husband as to the facts that occurred during the existence of the marriage, on the ground that the circumstances rendered it impossible that she could have acquired the knowl edge through her husband; and that she had no inducement to testify in his favor.
Greenleaf, in his Treatise on Evidence, (1st vol. 408,) says, that it matters not that the marriage be dissolved, the seal of secrecy is placed on all confidential communications between husband and wife.
To secure domestic tranquillity, it is necessary that the high est confidence should exist between husband and wife; that all •communications made in confidence, by the disclosure of which either party may be affected, should be considered as under the most sacred seal of secrecy. It would be highly dishonorable for either party, even after the marriage had been dissolved, to make disclosures of facts that had come to their knowledge •either by confidential communication, or in any way on account -of the marriage relation.
There is another consideration which we think entitled to weight in the determination of this question. The bitter feelings which generally exist between the parties after thé dissolution of the marriage; the feelings of revenge, for real or supposed injuries, unfit the mind for a candid and unbiased presentation of truth, and renders it very doubtful whethei such testimony would tend to the furtherance of justice.
The frequency of divorces at the present time, is a matter we think not to be overlooked. If either husband or wife could be made a witness against the other, as soon as a divorce was obtained, it might, in some instances, have a tendency to produce that result.
As we have before remarked, the decisions that have been made elsewhere on this subject, do not harmonize on any well defined principle, and as the question is undecided in this state, •the court feel authorized to adopt such rule as., to them, appears dictated by a sound policy, for the furtherance of justice.
*531 How far, then, shall the incompetency of a witness, to speak as to facts which occurred during marriage, after divorce, extend? Shall it be confined to such communications as have been made in confidence ? or shall it embrace all transactions which occurred during the marriage, in which either party may be affected, either pecuniarily or in reputation: in other words, all transactions which, at the time they happened, the witness would have been incompetent to prove ? The latter, we think, is the true rule, and therefore adopted.
It is very difficult, if not impossible, to establish any rule discriminating between such facts as have been communicated in marital confidence, and such as have not. Indeed, there is no difference between facts related between husband and wife, and such as come to their knowledge on account of the intimacy of relation that exists between them. All are equally confidential.
In the case before us, the witness testified to ‘a contract, to which her husband was a party, made during the existence of the marriage, and which, at the time it was made, she was incompetent to prove, and as we think, always incompetent, not-; withstanding the divorce. We are of opinion, therefore, that the court of common pleas erred in permitting her testimony to go to the jury.
This view of the case renders it unnecessary to decide the other question, as to the validity of .the parol contract, as the proof of that depended entirely on this witness.

Judgment will be reversed.