## ACTIONS—CORPORATIONS—JURISDICTION.

[Hamilton Circuit Court.]

PATTERSON A. REECE v. WEST HAMILTON HYDRAULIC CO. ET AL.

1. JURISDICTION OF COMMON PLEAS.

　　The court of common pleas has jurisdiction of action brought to require stockholders of an insolvent corporation to pay an amount equal to the stock held by them, to answer to the debts of the corporation.

2. ACTION BROUGHT IN WRONG COUNTY—WAIVER OF OBJECTION.

　　An objection that the action was not brought in the proper county, cannot be made for the first time on appeal in the circuit court by defendants who answered and went to trial on the merits in common pleas.

3. ACTION AGAINST CORPORATION—WHEN BROUGHT BY CONSENT.

　　An action against a corporation may be brought by consent of parties in a county where defendant is not situated or has no office, officer or agent, i

Reece v. Hydraulic Co.

the court has jurisdiction of the subject matter of the action, and such consent is evidenced by answer and trial on the merits.

MOTION to dismiss appeal.
*Alfred Yaple* and *P. A. Reece*, for plaintiff.
*Ramsey, Maxwell & Ramsey*, and *Chas. Darlington*, contra.

SMITH, J.

This action was brought in the court of common pleas of this county, against the West Hamilton Hydraulic Company, and others, the other defendants being stockholders of such company, to enforce the double liability of such stockholders, it being alleged that the corporation was wholly insolvent. It is further averred in the motion now filed to dismiss the action, that the usual place of business of such corporation was in Butler county Ohio, and that at the time the action was commenced and prior thereto, and ever since, said corporation had not any place of business or office of any kind in Hamilton county. At the commencement of the suit, a summons was issued to the sheriff of Hamilton county, and served on the corporation by delivering a copy thereof to Mr. Potter, the principal officer thereof, who was found in said county. At the same time the summos was served upon Mr. Potter himself personally, he being a defendant and stockholder in such corporation. A summons was issued to the sheriff of Greene county Ohio, and afterwards served on D. M. Stewart and J. R. Stewart, the parties who in this court file the motion to dismiss the action. But it also appears that after the service of such summons upon them, the said Stewarts appeared in the court of common pleas, and filed answers going to the merits of the case and of the right of the plaintiff to maintain the action. The case was afterwards tried on the pleadings and evidence, and a finding made in favor of the defendants, that the plaintiff was not a creditor of the corporation, and the action was dismissed at his costs. From this judgment the plaintiff appealed to the circuit court, in which the action has been pending since March, 1889, awaiting the decision of a case in the Supreme Court.

On December 7, 1892, the said D. M. Stewart and J. R. Stewart filed in this court this motion to dismiss, based on the ground that the action could only be brought in Butler county.

Section 5026, Rev. Stat., provides that: "An action other than one of those mentioned in the first four sections of this chapter, (of which this is not one) against a corporation created under the laws of this state, may be brought in the county in which such corporation is situate, or has or had its principal office or place of business, or in which any corporation has an office or agent."

If this was the only statutory provision upon this subject, we think that it would be clear that the defendants to such an action would have the right to require that it should be brought in the county in which the defendant corporation had an "office or agent." That the words "may be brought," as there used, are to have the construction "must be brought." But in addition to the section quoted, Sec. 5031, Rev. Stat., provides that: "Every other action must be brought in the county in which the defendant resides or may be summoned, except," etc., and Sec. 5038, Rev. Stat., that: "When the action is rightly brought in any county * * * a summons may be issued to any other county against one or more of the defendants at the plaintiff's request."

It is probable that the two members of the court who heard this motion might not agree, as the question whether in an action like this,

where one of the stockholders and the defendant company were served in this county, under the circumstances hereinbefore stated, the action could be said to have been properly brought in this county so as to warrant the issue of a summons for other defendants to another county. But whether this be so or not, we are of the opinion under the facts herein stated, the defendants filing this motion having made no objection to the jurisdiction of the court of common pleas, but having filed answers therein denying the right of the plaintiff to the relief sought, and having had a hearing of the case on its merits, obtained a decree against the plaintiff, can not, when the plaintiff has appealed the case to the circuit court, object there, for the first time to the jurisdiction of that court or of the common pleas.

The latter court certainly obtained jurisdiction of these persons by their appearance and filing answers, even if the service of summons upon them was not good. And while it is the undoubted rule of law, that if a court has not jurisdiction of the subject matter of an action, the consent of the parties thereto can not confer it, and that any adjudication thereof will be a nullity, we think that this principle does not apply to this case. Clearly the court of common pleas has jurisdiction of actions of this character, brought to require stockholders of an insolvent corporation to pay an amount equal to the stock held by them, to answer to the debts of the corporation.

The only question then is, whether, when the statute provides as to the county in which it may be brought (other than in those cases mentioned in the first four sections of Chap. 5, viz., Secs. 5022-3-4 and 5, Rev. Stat.) It may legally be tried by the consent of the parties, in another county if the action is brought in such county, and if such last court would have had jurisdiction of the subject matter if brought there. We think it may. The provision in such case as to the place of the trial is one for the benefit of those sued, and we are of the opinion may be waived by them.

We think that this is substantially held in the opinion of the Supreme Court, announced by Judge White in Steamboat Gen. Buell v. Long, 18 Ohio St., 526. 534. He says: ''The remaining question is whether the objection to the jurisdiction was waived by a failure to set it up by plea.

This is not a case where the court has jurisdiction of the subject matter of the suit by law, but the defendant is exempt from being required to submit to the jurisdiction of the court. In such case the exemption pertains to the defendant as a personal privilege which he may waive. In this case (the one before that court) the want of jurisdiction grows out of the subject matter of the suit.'' and therefore it was held that it could not be waived.

We think too that the holding of the Supreme Court in Mason v. Alexander, 44 Ohio St., 318, [7 N. E. Rep. 435], which was a very similar case to the one at bar, justifies us in the conclusion which we have reached. And in Caldwell v. High, 8 Dec. (Re.) 183, it was held by the district court of this county that a resident householder of one township, sued before a justice of the peace in another township, going to trial on the merits of the case without objection to the jurisdiction of the magistrate, will be taken to have waived his right to object.

For these reasons the motion will be overruled.